FILED

**NOT FOR PUBLICATION**

FEB 23 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOUTHERN CALIFORNIA GAS COMPANY, a California corporation, | No. 14-55306 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 3:08-cv-00941-BEN-MDD |
| v. | |
| SYNTELLECT, INC., | MEMORANDUM* |
| Defendant-counter-claimant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted December 15, 2014
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Syntellect, Inc. (Syntellect) appeals the district court's grant of summary

judgment in favor of Southern California Gas Company (SoCal) apportioning

damages arising from third-party allegations of patent infringement (Katz claims)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

related to automated call-processing services provided by Syntellect (System). Syntellect argues that the district court misinterpreted this court's decision on remand.

Our decision in the prior appeal affirmed the district court's determination of liability and remanded for the district court to consider the issue of damages allocation "in the first instance." *S. Cal. Gas Co. v. Syntellect, Inc.*, 534 Fed. App'x 637, 638 (9th Cir. 2013). We held that Syntellect is liable for damages "stemming from utilization of the 'System'" and remanded for the district court to consider the interplay between the nature of Katz claims and the scope of the indemnity agreement, whether the indemnity agreement limited Syntellect's liability to its own actions only, and whether the settlement included more than the indemnity obligation contemplated. *See id.* at 638-39.

On remand, the district court complied with our mandate. The court appropriately considered that the Katz claims accused SoCal of infringing on Katz patents by offering automated call services, "in some instances in connection with operators." The district court permissibly interpreted the indemnity clause language encompassing "any and all" damages, to conclude that no material issue of fact regarding indemnity existed, and that the entire settlement amount arose from and was connected to Syntellect's infringement.

The district court's decision is supported by its review of the evidence, including the nature of the Katz claims, the types of calls included in the settlement, and the expansive indemnity agreement. No material issue of fact was raised regarding whether Syntellect's indemnity obligation extends to all damages included in the settlement. *Cf. Peter Culley & Assocs. v. Superior Ct.*, 10 Cal. App. 4th 1484, 1497 (1992) (holding that allocation of damages may be appropriate *if* the contract limits the party's indemnity obligation).

**AFFIRMED.**